UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARK DOYLE CONSTRUCTION, LLC, ET AL

CIVIL ACTION NO. 17-cv-0674

VERSUS

JUDGE HICKS

TRI HM FOUNDATION, LLC, ET AL

MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Mark Doyle Construction, LLC and Woodrow Wilson filed this civil action in a Texas federal court against four defendants based on allegations of fraud in connection with a business investment. The complaint does not invoke federal law. Its sole basis for jurisdiction is an assertion of diversity jurisdiction pursuant to 28 U.S.C. § 1332, which places the burden on the parties who brought the suit to plead particular facts that establish the requisite amount in controversy and complete diversity of citizenship between the plaintiffs and the defendants.

The Texas federal court recently transferred venue to this court, which has reviewed the pleadings for an assessment of whether jurisdiction is established. The complaint appears to be lacking in some respects. The need for specific factual allegations with respect to jurisdiction, and a determination of jurisdiction at an early stage of the case, was recently emphasized in Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530 (5th Cir. 2017). Accordingly, an amended complaint and addition information about the amount in controversy are required.

Some of the parties (Wilson, Cooper and Harris) are individuals. The complaint alleges that each of them is a "resident" of a particular state. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). A person may reside in multiple states, but he has only one domicile at a time. The amended complaint needs to set forth the state in which each individual party was domiciled at the time the complaint was filed.

Mark Doyle Construction, LLC describes itself as a limited liability company organized under Louisiana law. The complaint describes defendant TriHM Foundation, LLC as an LLC organized under Texas law. The pleadings do not appear to provide any additional information about membership in those entities. That information is necessary because the citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members of an LLC are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Adams v. Wal-Mart Stores, Inc., 2014 WL 2949404 (W.D. La. 2014).

First Standard Asurety, LLLP is described as a limited liability limited partnership organized under Georgia law. The citizenship of limited partnerships and similar unincorporated associations are determined by looking to the citizenship of each partner, both limited and general. <u>Carden v. Arkoma Associates</u>, 110 S.Ct. 1015 (1990); <u>Whalen v. Carter</u>, 954 F.2d 1087, 1094 (5th Cir. 1994). As with the LLCs, if partners are themselves partnerships, LLCs or other forms of association, the citizenship must be traced through the various layers.

Assembling such detailed allegations of citizenship is sometimes a difficult or even impossible task. But it is one that must be accomplished if the case is to remain in federal court. <u>Settlement Funding</u>, 851 F.3d at 536 ("A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation."). And it is the membership/citizenship at the time the complaint was filed that is relevant. Later changes do not impact jurisdiction. <u>Grupo Dataflux v. Atlas Glob. Grp., L.P.</u>, 124 S.Ct. 1920 (2004).

It appears that Plaintiffs' counsel is not admitted to this court, so a separate order will issue that allows time to (1) be admitted *pro hac vice* (and enroll local counsel) or (2) secure substitute counsel who is admitted to practice in this court. Accordingly, the court will not now set a deadline for compliance with this order. But Plaintiffs will eventually be required to file a motion for leave to amend their complaint and set forth specific allegations that

establish the citizenship of all parties. They should begin gathering the necessary information.

Plaintiffs will also be required to explain in a memorandum how the amount in controversy element has been met. The original complaint alleges total damages of $88,000, but it states that the loss is divided between Mark Doyle Construction, LLC ($66,000) and Woodrow Wilson ($22,000). Parties ordinarily may not aggregate their individual claims in an effort to exceed the $75,000 threshold for federal jurisdiction. Eagle Star Ins. Co. v. Maltes, 313 F.2d 778, 780 n.3 (5th Cir. 1963); Zarate v. Guillory, 2016 WL 2996899 *4 (E.D. La. 2016).

The complaint does seeks recovery of punitive damages and attorneys fees that could elevate the amounts of the claims to satisfy the amount in controversy *if* such awards are available under state law. St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); Wright Family Investments v. Jordan Carriers, 2012 WL 2457664 (W.D. La. 2012). The complaint does not cite any particular statutes or jurisprudence that allows for the recovery of attorneys fees or punitive damages on claims of this nature. The Plaintiffs' memorandum in support of jurisdiction should point to particular authority on these issues or concede that such forms of relief are not available under applicable law. If the amended complaint and memorandum demonstrate that there is diversity jurisdiction, the court will proceed with the scheduling of this case. Otherwise, the complaint may have to be dismissed for lack of subject-matter jurisdiction.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of May, 2017.

_____
Mark L. Hornsby
U.S. Magistrate Judge