UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARK DOYLE CONSTRUCTION, LLC, ET AL

CIVIL ACTION NO. 17-cv-0674

VERSUS

JUDGE HICKS

TRI HM FOUNDATION, LLC, ET AL

MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Mark Doyle Construction, LLC and Woodrow Wilson filed this civil action in a Texas federal court against four defendants based on allegations of fraud in connection with a business investment. The complaint does not invoke federal law. Its sole basis for jurisdiction is an assertion of diversity jurisdiction pursuant to 28 U.S.C. § 1332, which places the burden on the parties who brought the suit to plead particular facts that establish the requisite amount in controversy and complete diversity of citizenship between the plaintiffs and the defendants.

The court issued an order (Doc. 55) and pointed out several areas in which the original complaint was lacking with regard to subject matter jurisdiction. Plaintiffs have now filed an amended complaint (Doc. 65) and a memorandum (Doc. 68) in support of jurisdiction.

With regard to the amount in controversy, the original complaint alleged that Mark Doyle Construction, LLC lost payments totaling $66,000, and Woodrow Wilson paid $22,000. The court noted that parties ordinarily may not aggregate their individual claims in an effort to exceed the $75,000 threshold. The amended complaint alleges that the two

plaintiffs paid a total of $161,130, and paragraph 12 of the memorandum alleges that Mark Doyle Construction, LLC paid $80,830 from its own funds. Both plaintiffs also seek punitive damages under Texas law, based on their allegations of fraud. The court finds that the new information is satisfactory to satisfy the amount in controversy element.

With regard to citizenship, Plaintiffs set forth facts that indicate they are both citizens of Louisiana. Defendant Cooper is alleged to be a citizen of Texas, and she has been dismissed from the suit. Defendant TriHM Foundation, LLC has also been dismissed from the suit. Plaintiffs allege that the available information indicates that Cooper was the registered agent and sole manager of TriHM, and it is not known to Plaintiffs if TriHM ever had any members. There are no signs that TriHM was a Louisiana citizen. Even if it were, "the absence of complete diversity at the time of commencement of an action can generally be cured—and diversity jurisdiction established—by the dismissal of non-diverse parties." Jefferson v. Certain Underwriters At Lloyd's London, 658 Fed. Appx. 738, 741 (5th Cir. 2016).

Defendant David Harris is alleged in the amended complaint to have been a citizen of Georgia on the date this civil action was filed. Plaintiffs add that Harris has not denied that he was a Georgia citizen at that time. Those representations are facially satisfactory to indicate that Harris is a Georgia citizen.

Defendant First Standard Asurety, LLLP ("FSA") is described in the amended complaint as having David Harris (Georgia) as its general partner and unknown limited partner(s). Plaintiffs request the opportunity to conduct discovery of jurisdictional facts to

establish the identity and citizenship of the limited partners and other aspects of the citizenship of FSA. Leave to conduct such discovery is granted, and the parties are directed to determine this information in the most prompt and efficient manner possible. Resolution of the preliminary issue of citizenship/jurisdiction should not be a satellite litigation, but it citizenship must be established with specificity. If a party cannot do so due to complexity of the entities or the like, the case must be dismissed. Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530, 537 (5th Cir. 2017).

Promptly upon obtaining the necessary facts to establish the specificity of the citizenship of FSA and any other party about whom there are doubts as to his or its citizenship, Plaintiffs should file another amended complaint or formal submission that sets forth the necessary facts. In the meantime, the court will set a scheduling conference to discuss scheduling a resolution of the merits. However, the jurisdiction issue must receive priority and be resolved at an early stage of the proceedings. The parties are expected to report at the scheduling conference on the progress of the jurisdiction issues.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of August, 2017.

_____
Mark L. Hornsby
U.S. Magistrate Judge