UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARK DOYLE CONSTRUCTION, LLC, ET AL | CIVIL ACTION NO. 17-cv-0674 |
| VERSUS | JUDGE HICKS |
| TRI HM FOUNDATION, LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Mark Doyle Construction, LLC and Woodrow Wilson filed this civil action in a Texas federal court against four defendants based on allegations of fraud in connection with a business investment. The complaint does not invoke federal law. Its sole basis for jurisdiction is an assertion of diversity jurisdiction pursuant to 28 U.S.C. § 1332, which places the burden on the parties who brought the suit to plead particular facts that establish the requisite amount in controversy and complete diversity of citizenship between the plaintiffs and the defendants.

The court issued an order (Doc. 55) and pointed out several areas in which the original complaint was lacking with regard to subject matter jurisdiction. Plaintiffs filed an amended complaint (Doc. 65) and a memorandum (Doc. 68) in support of jurisdiction. The court then issued another order (Doc. 71) that addressed the amendment and noted some questions with respect to defendant First Standard Asurety, LLLP ("FSA").

FSA is described in the amended complaint as having David Harris (Georgia) as its general partner and certain unknown limited partner(s). Plaintiffs requested the opportunity

to conduct discovery of jurisdictional facts to establish the identity and citizenship of the limited partners and other aspects of the citizenship of FSA. Leave was granted, to allow the pleading of specific facts as required by cases such as Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530, 537 (5th Cir. 2017).

Plaintiffs filed a Memorandum (Doc. 75) that stated written discovery was served on FSA and David Harris. They were said to have responded that FSA is a limited liability partnership registered in Georgia and that David Harris (domiciled in Georgia) is the "sole partner" of FSA. The court noted this representation in minutes of a conference (Doc. 76) and directed counsel for FSA and Harris to file an amended answer to clarify that information. The amended answer (Doc. 80) asserts that FSA "is a Limited Limited Liabiity (sic) Partnership organized under the laws of the State of Georgia." It continues, "Defendant David Harris is a Limited Partner and General Manager of FSA" and is domiciled in Georgia.

The amended answer alleges that Harris is "a" limited partner, but it does not allege that there are no other partners, as was previously suggested. It implies that there may be other partners, which requires clarification. That clarification should also address the fact that Georgia law appears to provide that a partnership is an association of *two or more* persons. Ga. Code Ann., § 14-8-6. A partnership can then record an election to become a limited liability partnership. § 14-8-62. Georgia also allows the formation of a limited partnership, which also requires formation by two or more persons. § 14-9(A)-2. The inclusion of LLLP in FSA's name suggests that it is a limited liability partnership. § 14-8-63.

FSA is directed to move for leave to again amend its answer and state with specificity the name of each partner (limited, general, or otherwise) in the entity. If David Harris is the sole partner, then that should be stated with specificity, and it should be explained, by reference to Georgia law or particular facts, how the entity has only a single partner. The deadline for compliance with this order is **November 30, 2017**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of November, 2017.

                                              Mark L. Hornsby
                                            U.S. Magistrate Judge